13-1661
Liu v. Holder

BIA
A078 161 283

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

XIAO FANG LIU, AKA SHAO FUN LUI,
> *Petitioner*,

v.                                          13-1661
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:         Gary J. Yerman, Yerman & Associates, LLC, New York, NY.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General; John W. Blakeley, Senior Litigation Counsel; Stephen M. Elliott, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiao Fang Liu, a native and citizen of China, seeks review of an April 16, 2013 decision of the BIA denying her untimely and number-barred motion to reopen. *In re Xiao Fang Liu*, No. A078 161 283 (B.I.A. Apr. 16, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and may file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Liu's 2012 motion was untimely and number barred because she previously sought reopening in 2010 and her order of removal became final in 2005. *See* 8 U.S.C. § 1101(a)(47)(B). Liu contends, however, that her recent conversion to Christianity in the United States, worsened conditions for underground church

2

members in China, and heightened enforcement of China's family planning laws constitute materially changed conditions excusing her motion from the applicable time and number limitations.

The BIA did not abuse its discretion in denying Liu's motion for failure to demonstrate a material change in country conditions.  Initially, the BIA correctly determined that Liu's religious conversion in the United States was a self-induced change in personal circumstances rather than a change in country conditions. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).  The BIA also reasonably determined that Liu was unable to establish materially changed conditions because she failed to support her motion with any evidence of conditions for Chinese Christians at the time of her 2004 merits hearing.  *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").  Lastly, the BIA reasonably determined that

3

conditions in China had not materially changed because the evidence in the record reflected ongoing repression of underground churches since at least 1998. *See Matter of S-Y-G-*, 24 I. & N. Dec. at 257 (observing that "[c]hange that is incremental or incidental does not meet the regulatory requirements for late motions" to reopen). Because the BIA's inference that conditions in China have not materially changed "is tethered to the evidentiary record, we will accord deference to the finding." *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

The BIA also properly found that Liu failed to demonstrate materially changed country conditions on the basis of her individualized family planning evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that the weight accorded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Liu's contention that the BIA erred by discounting her family planning notice as unauthenticated under 8 C.F.R. § 1287.6 is misplaced because the notice was not authenticated by any means. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404-06 (2d Cir. 2005) (noting that while the agency may err in declining to

4

consider a document solely for a failure to authenticate under 8 C.F.R. § 1287.6, the agency may nevertheless decline to consider a document that is not authenticated by any means).  In addition, the BIA reasonably determined that Liu's letters from Chinese nationals, attesting to forced sterilizations after the birth of children in China, did not establish materially changed conditions because they did not discuss similarly situated individuals, *i.e.*, Chinese nationals returning with U.S. citizen children.  *See Jian Hui Shao*, 546 F.3d at 160-61, 170-72.

Lastly, we decline to consider Liu's argument that she established her *prima facie* eligibility for relief, which the BIA did not reach.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk